**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1845-15T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

        v.

HARRY J. WOLF, JR., a/k/a
HARRY MCGONIGAL, RAYMOND WOLF,
HARRY WOLF, HARRY J. WOLF, HAROLD WOLF,
RAYMOND W. FOX, HARRY J. MCGONICAL,
RAYMOND W. WOLF, and RICHARD
HERRING,

    Defendant-Appellant.

_____

Submitted September 27, 2017 — Decided October 23, 2017

Before Judges Alvarez, Currier, and Geiger

On appeal from the Superior Court of New Jersey, Law Division, Cape May County, Indictment No. 14-10-0929.

Joseph E. Krakora, Public Defender, attorney for appellant (Jay L. Wilensky, Assistant Deputy Public Defender, of counsel and on the brief.

Christopher S. Porrino, Attorney General, attorney for respondent (Steven A. Yomtov, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Harry J. Wolf, Jr., filed a motion in the Law Division to dismiss an indictment charging him with possession of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-10a(1), on the basis that the Overdose Protection Act (OPA), N.J.S.A. 2C:35-31, barred the prosecution. The motion was denied. He then entered a guilty plea and, pursuant to the agreement, was sentenced to a four-year state prison term concurrent to time he was serving on unrelated charges. For the reasons stated by Judge Donna M. Taylor, we affirm.

## I.

The circumstances leading to defendant's arrest and prosecution are undisputed and straightforward. On September 8, 2014, a Middle Township patrolman was dispatched to a local motel as a result of an anonymous call about a "possible intoxicated subject." He assumed the call concerned removing "a possibly drunk trespasser from the property." After the officer arrived, he checked defendant's name and learned that he had an outstanding warrant. In the process of being taken into custody, four wax folds of heroin, as well as drug paraphernalia,[1] were discovered on defendant's person.

---

[1] The original charges included disorderly persons possession of drug paraphernalia, N.J.S.A. 2C:36-2, and possession of a hypodermic needle, N.J.S.A. 2C:36-6. Both were dismissed in accord with the plea agreement.

A-1845-15T1

At the station, the patrolman concluded defendant was under the influence of a narcotic because "[h]is pupils appeared constricted, his eyelids were droopy, his speech was slow and slurred, and he was 'on the nod,'" by which the officer meant that defendant would appear to fall asleep, but would easily awaken. Defendant went through the booking process without assistance or incident. Concerned the county jail would not accept a prisoner clearly under the influence, the officer took defendant to the local hospital where he was administered two dosages of naloxone hydrochloride. Once medically cleared, he was lodged in the county jail.

In her consideration of defendant's motion to dismiss the indictment, Judge Taylor began her analysis by stating that OPA protects "only those individuals who are actually experiencing the deadly throes of overdose or a good Samaritan rendering aid . . . ." She added that "mere intoxication will not suffice to invoke the broad protection granted under the act." Judge Taylor further observed that the statute defined drug overdose as "an acute condition[,] includ[ing] such debilitating maladies as physical illness, coma, mania, hysteria, or death." The condition must be "severe and life threatening." Absent those extreme states, a person does not suffer from a "drug overdose" and is not immunized by the Act.

The judge opined that had the civilian caller been concerned about defendant's medical condition, that concern would have been communicated to the dispatcher, and by the dispatcher to the responding officer. After the administration of the antidote, defendant was medically cleared and promptly lodged on the warrant. Thus the indictment was neither manifestly deficient nor palpably defective. She denied the motion.

On appeal, defendant raises one point:[2]

> POINT I
>
> THE DENIAL OF DISMISSAL OF A CHARGE OF SIMPLE POSSESSION OF CDS, FILED AFTER POLICE CONTACT WHICH WAS INITIATED BY A CALL CONCERNING THE DEFENDANT'S APPARENT INTOXICATION, WAS CONTRARY TO THE MEANING AND PURPOSE OF THE OVERDOSE PROTECTION ACT AND MUST BE REVERSED.

OPA states in pertinent part:

> a. A person who experiences a drug overdose and who seeks medical assistance or is the subject of a good faith request for medical assistance . . . shall not be:
>
> (1) arrested, charged, prosecuted or convicted for obtaining, possessing, using, being under the influence of, or failing to make lawful disposition of, a [CDS]. . . .
>
> [N.J.S.A. 2C:35-31.]

---

[2] A second point in the brief regarding a discrepancy between the judgment of conviction and the plea bargain as to concurrency was resolved by way of a brief remand.

Defendant contends that we should reverse the decision, and address it de novo, purely as a question of law. See State v. Vargas, 213 N.J. 301, 327 (citing State v. Gandhi, 201 N.J. 161, 176 (2010)). Additionally, he contends that the standard for dismissal of an indictment found in State v. Hogan, 144 N.J. 216 (1996), as correctly expressed by the trial judge, is inapplicable. He argues that the issue is not whether errors and omissions tainted the grand jury's indictment, but whether dismissal is legally mandated. We disagree.

Hogan's standard for dismissal of an indictment — that indictments should not be dismissed by a trial judge in his or her discretion, except upon the clearest and plainest of grounds — also applies to questions of law. Id. at 228-229. As the Court said in Hogan, "the decision whether to dismiss an indictment lies within the discretion of the trial court . . . and that exercise of discretionary authority will not be disturbed on appeal unless it has been clearly abused." Id. at 229. When a judge dismisses an indictment, that dismissal requires the clearest and plainest of grounds in order for the dismissal to be affirmed — no matter the reason. There is no basis for concluding otherwise, or drawing a distinction between legal objections to an indictment, or other

grounds for dismissal.  Nor do we agree that the issue posed is purely one of law.

A principal thread in defendant's position is that defendant's intoxication was equivalent to an overdose.  Nothing that we see from this record would substantiate that claim, but it is patently a question of fact.  Although the notion that defendant required medical clearance before his incarceration in a county facility is relatively new, it appears to be a reasonable step to ensure the safety of a person being taken into custody.  The hospitalization took place solely to address defendant's intoxication before incarceration, manifesting the authorities' exercise of reasonable prudence.

Defendant's argument does not negate the trial judge's conclusion, which the record strongly supports.  No one thought defendant was suffering the aftereffects of an overdose.  If he did not seem to be in the throes of physical distress, the law simply does not apply.  The legislature intended OPA to protect only those persons suffering from medical distress after an overdose.  If the legislature had intended to include those who were merely under the influence, the legislature could have readily said so.  They did not.

Hence, we agree with Judge Taylor that this scenario is not included in the plain and unambiguous language of OPA.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1845-15T1